UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES HARRIS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2125** |
| **HKA ENTERPRISES, INC.** | **SECTION "A" (2)** |
| **CONSOLIDATED WITH** | |
| **BRUCE SCOTT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-2888** |
| **HKA ENTERPRISES, INC.** | **SECTION "A" (2)** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Reconsideration, Rec. Doc. 124, and Plaintiffs' Motion for Leave to File a Reply Brief. Rec. Doc. 129. Defendant, HKA Enterprises, Inc., opposes both Motions. Rec. Doc. 131. The Court, having considered the arguments of the parties, the Court record, the law, applicable jurisprudence and Plaintiffs' reply brief, denies reconsideration.

**I.    BACKGROUND**

After Hurricane Katrina, HKA Enterprises, Inc. ("HKA") contracted with CH Company to provide personnel for hurricane recovery services in connection with CH Company's contract with the Federal Emergency Management Agency ( "FEMA") and the Army Corps of Engineers ("COE"). Plaintiffs in these consolidated actions were employed on those projects and allege they were not paid overtime wages in violation of the Fair Labor Standards Act.[1] In January 2008, HKA filed a motion for summary judgment requesting dismissal of both actions. Judge Porteous heard oral argument on the motion on January 10, 2008. Rec. Doc . 111. The matter was transferred to this Section on March 20, 2008. Rec. Doc. 120. On March 31, 2008, this Court granted summary

---

[1] Rec. Doc. 1 in Civil Action 06-2125 and Rec. Doc. 1 in Civil Action 07-2888.

judgment.  Rec. Doc. 121.

Plaintiffs filed the instant motion for reconsideration on April 14, 2008.  Rec. Doc. 124. Plaintiffs first argue that reconsideration should be granted because on March 13, 2008, they received documents pursuant to their Freedom of Information Act request which support their position that HKA had actual knowledge that it violated the Fair Labor Standards Act as early as April 2007.  Thus, plaintiffs argue that HKA was in bad faith when it represented to the Court that it acted in good faith and was entitled to a good faith defense.  Rec. Doc. 124 at p. 1.  Second, Plaintiffs submit that HKA was not in good faith because it had knowledge in 2006 that the former employees hired an attorney and were going to file suit.  Further, Plaintiffs argue that it is the burden of HKA to prove these employees were exempt from FLSA overtime and it has failed to do so.  Rec. Doc. 124 at p. 2.

Defendant counters that the motion  should not be granted because there has been no manifest error of law or mistake of fact.  Defendant points out that Plaintiffs' arguments rehash all the evidence that was properly before the Court on summary judgment.  Regarding the Department of Labor documents, HKA argues such evidence should not be reviewed because Plaintiffs failed to file a motion to continue the summary judgment and never advised HKA or the Court that they were seeking documents or expecting to receive documents prior to the summary judgment hearing or prior to the Court's ruling.  Rec. Doc. 126 at p. 4.  Additionally, Defendant argues that Plaintiffs have failed to show that the Court committed manifest error or mistake of fact.  Defendant further argues that Plaintiffs have failed to present any new evidence justifying the extraordinary remedy of reconsideration.  Rec. Doc. 126 at pp. 3-4.

On May 23, 2008, after the May 14, 2008 hearing date, Plaintiffs requested leave to file a

reply brief. Rec. Doc. 129.  HKA opposes this request.  Defendant argues the reply brief is untimely,  is over the page length allowed by the Local Rules, and raises new arguments not considered with the motion for summary judgment nor raised in the motion for reconsideration. Rec. Doc. 131.

## II.    LAW AND ANALYSIS

### A.    Plaintiffs' Motion for Leave to File A Reply Brief.

Reply briefs are neither specifically authorized nor prohibited by the Federal Rules.  The decision to grant a motion for leave to file a reply brief relies on the interpretation and application of local rules and local practice.  *Wright v. Murray Guard, Inc.,* 2006 U.S.App. LEXIS 18672, at * 32-33 (6th Cir. 2006).  Local Rule 7.5 E provides that a party may file an opposition to a motion eight days prior to the noticed hearing date.  The rule also provides that "[n]o supplemental opposition may be filed except with leave of court first obtained."  Local Rule 7.5 E.  There is no time limit imposed in this Local Rule for the filing of a reply brief.

The reply brief was originally filed on May 22, 2008, eight days after the May 14, 2008 hearing date.  It  was marked deficient by the Clerk of Court for failure to request leave.  Rec. Doc. 128.  Considering the short period within which the reply was filed, the fact that the Local Rules do not provide a time frame for replies to be requested and the broad discretion afforded the judiciary in deciding to grant or deny leave to file a reply, the Court **grants** Plaintiffs' motion for leave.  Rec. Doc. 129.  However, as hereinafter discussed, none of the arguments proposed by Plaintiffs warrant a reconsideration of this Court's ruling.

### B.    Motion for Reconsideration.

There is no motion for "reconsideration" provided for in the Federal Rules of Civil

Procedure. *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998); *Bass v. U.S. Dept. of Agriculture,* 211 F.3d 959, 962 (5th Cir. 2000). Further, a motion filed after judgment requesting that the court reconsider its decision constitutes either a motion to "alter or amend" under FRCP 59(e) or a motion for "relief from judgment" under FRCP 60(b). *Texas A&M Research Foundation v. Magna Transp., Inc.,* 338 F.3d 394, 400 -401 (5th Cir 2003). "Under which Rule the motion falls turns on the time at which the motion is [filed]. If the motion is [filed no later than] ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is [filed] after that time, it falls under Rule 60(b)." *Id.* (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by *Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir. 1994)). Plaintiffs' motion was filed more than ten days after the entry of the Order, so it is considered a motion for relief from judgment under Rule 60(b).

    Rule 60 (b) provides the following grounds for relief from an Order of the Court:

> Rule 60.  Relief from a Judgment or Order
> ...
>
> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based

>> on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts. *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir. 1981). "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir.1996) (en banc) (citations omitted).

### i. Newly Discovered Evidence.

In deciding whether newly discovered evidence is sufficient to warrant a new trial, a court must consider whether the evidence: (1) would probably have changed the outcome of the proceeding; (2) could have been discovered earlier with due diligence; and (3) is merely cumulative or impeaching. *Robertson-CECO Corp. v. Lab Project Resource Group, Inc.*, 2006 WL 2224759 (E.D. La. 2006). Further, an unexcused failure to present evidence available at the time of summary judgment is a valid basis for denying a subsequent motion for reconsideration. *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991).

The Court cannot ascertain whether the Department of Labor documents would change the outcome of the proceeding or whether the documents are cumulative or impeachment evidence because these documents were not supplied to the Court. Plaintiffs also fail to submit excerpts from the documents nor provide the Court with specific documents in order to support their argument that these documents show HKA was in bad faith. Plaintiffs provide the following with regard to the documents: "[a]ccording to these DOL documents, HKA did indeed violate the FLSA overtime

5

provisions. We know that as far back as April 27, 2007-almost a year ago-HKA had actual knowledge that it violated the FLSA. This actual knowledge conflicts with all later HKA arguments that the FLSA does not apply. Not only does the FLSA apply, but HKA knew it violated it while simultaneously arguing otherwise to this Court. This is not good faith conduct." Rec. Doc. 124 at p. 1. Plaintiffs further state that the documents do not "mention...that DOL was ever notified of the ongoing litigation. Upon information and belief, it is not the policy of the DOL to interject itself into ongoing litigation and unilaterally work out a settlement with one party. This is essentially what happened." Rec. Doc. 124 at p. 2. These unsubstantiated assertions by Plaintiffs are insufficient and do not support a finding that HKA acted in bad faith; thus, Plaintiffs have not met their burden in proving that the documents would change the Court's original ruling of the motion. Further, there is no argument or evidence showing how such documents are cumulative or provide impeachment evidence. Accordingly, Plaintiffs simply did not meet their burden to demonstrate that these documents are newly discovered evidence warranting reconsideration.

Additionally, the documents were provided to Plaintiffs' counsel prior to this Court's ruling on the summary judgment motion. Yet, the Plaintiffs did not seek a continuance or otherwise apprise the Court that a ruling on the summary judgment should be stayed pending the receipt of documents which they allege would have a bearing on the ruling. The Court is not persuaded by Plaintiffs' argument that the documents were late in getting to them because of the nature of the request under the Freedom of Information Act. Plaintiffs' counsel knew at the time the summary judgment opposition was filed, at the hearing and prior to the Court's ruling, that these documents were requested and would arguably have a bearing on the Plaintiffs' position. The Plaintiffs failed

to move for a continuance under Rule 56(f)[2] and apprise the Court of the existence of the documents. As such, the Department of Labor documents shall not be considered and reconsideration on this ground is **denied.**

### ii. Remaining Arguments.

Next, Plaintiffs argue that the Court erred in finding the FLSA does not provide a time frame or limitation period for the payment of wages and that HKA acted in good faith. Rec. Docs. 124, 129. Plaintiffs argue the Court's ruling on these two issues is contrary to law.

The undisputed facts in this case presented on summary judgment showed that the Plaintiffs were paid all overtime wages due. Pursuant to Section 216(b) of the FLSA "any employer who violates the provisions of section 206 or 207 ... shall be held liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

The Court agrees with the case law cited by Plaintiffs that when an employer fails to pay an overtime wage, an FLSA cause of action arises. *See American Federation of State, County and Municipal Employees, Counsel 17 v. The State of Louisiana*, 1994 WL 86679 (E.D. La. 1994). Contrary to the Plaintiffs' assertion, the Court did not find that the cause of action under the FLSA was barred by payment. Rather, the Court found that under Section 216 (b) damages for violations of Section 206 or 207 include payment of the compensation due, and liquidated damages. 29 U.S.C. § 216(b). Because the evidence showed that the disputed overtime compensation was paid, the Court found only that nothing more was due for that damage (i.e. the overtime compensation) under Section 216 and moved on to the liquidated damages question. Further, the Court's finding that the

---

[2]Rule 56 (f) provides that if a party shows that it cannot present facts essential to justify its opposition, it may move the court for a continuance to, *inter alia*, enable discovery to be taken.

overtime compensation had been paid had no bearing on its analysis of the liquidated damages issue nor did the Court find that payment of overtime barred liquidated damages *per se*. Plaintiffs misinterpret the Court's ruling and their motion for reconsideration on this issue is **denied.**

Plaintiffs next assert that Defendant's failure to timely pay gives rise *per se* to a claim for liquidated damages. However, in their opposition and in their reply, Plaintiffs acknowledge that "to escape liability for liquidated damages, an employer must demonstrate subjective good faith and objectively reasonable grounds for believing that it was not violating the FLSA." Rec. Doc. 106 at p. 3-5 and Rec. Doc. 129 at p. 3-10. Further, the law is clear that the defense is available to bar liquidated damages in FLSA actions. See *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407 (5th Cir. 1990)(liquidated damages in an amount equal to the unpaid wages due must be awarded unless the trial court finds that the acts of the employer giving rise to the suit were both in good faith and reasonable); *Brock v. El Paso Natural Gas Co.*, 826 F.2d 369, 371 (5th Cir. 1987)[citing 29 C.F.R. § 790.22 (2003 & 2005) (in order to avoid liquidated damages, the defendant must show that it had both (1) a subjective good faith belief that it was in compliance with the FLSA when it classified its ASMs as exempt, and (2) that it had an objectively reasonable basis for believing so]. Thus, Plaintiffs' argument that the Court erred in not finding liquidated damages are due *per se* when an employer fails to pay overtime wages on payday is rejected.

The Court ruled that HKA proved that it was entitled to a good faith defense to liquidated damages under Section 258 of the FLSA. Even though Section 258 applies only to causes of action arising prior to May 14, 1947, there is a good faith defense available under 29 U.S.C. § 260, which provides:

> In any action commenced prior to or on or after May 14, 1947 to recover unpaid minimum wages, unpaid overtime compensation, or

>liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 et. seq.], if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title.

29 U.S.C. § 260.[3]

The Court previously reviewed the evidence presented by HKA in its motion for summary judgment and held that HKA is entitled to the good faith defense. *See* Rec. Doc. 121 at p. 14. Aside from arguing that the Court erroneously applied Section 258, Plaintiffs' motion and reply simply rehash arguments and facts already presented and rejected by this Court. Additionally, the Court will not rely on the DOL documents because they are not newly discovered evidence. Finally, Plaintiffs' contention that HKA acted in bad faith is not supported by the arguments raised in Plaintiffs' motion as they do not point to one excerpt or provision in the DOL documents demonstrating bad faith. In sum, HKA has prevailed on its good faith defense and Section 260 bars Plaintiffs from recovering liquidated damages under the FLSA. The Court's March 31, 2008, Order is amended insofar as it relies upon Section 258 rather than Section 260 of the Fair Labor Standards Act. The Order stands in all other respects. As none of grounds listed in Rule 60 apply, the motion for reconsideration is **denied**.

## III.   CONCLUSION

---

[3] Further, 29 C.F.R. § 790.22 provides that a court, in its discretion, can award no liquidated damages or reduced liquidated damages if: (1) the employer shows "to the satisfaction of the court that the act or omission giving rise to such action was in good faith;" and (2) shows "to the satisfaction of the court, that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act."

For the reasons stated herein, the Court **DENIES** Plaintiffs's Motion for Reconsideration and **AMENDS** its March 31, 2008 Order as discussed herein. Plaintiffs' request for oral argument (Rec. Doc. 135) is moot.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Reconsideration (Rec. Doc. 124) is **DENIED**

New Orleans, Louisiana this 7th of August, 2008.

_____
**UNITED STATES DISTRICT JUDGE
JAY C. ZAINEY**